By the Court,

Bronson, J.
The seventy acres of land to be conveyed are neither described in the contract, nor is there any thing from which it can be ascertained on what part of the earth the premises may be found. In *553 Fish v. Hubbard, (21 Wend. 651,) which goes far enough, the parties spoke in their contract about water, mill-dam, fulling-mill and carding-machine—the grist-mill and sawmill. But here they have not mentioned any existing mark or thing by which the land may be identified and located. The only words on which the plaintiff can rely to get rid of the difficulty, are these: “ B. Pickett is to have half the wheat on the piece that is to be sowed by Henry Rollin not exceeding seven acres.” Mow, suppose it should be ascertained that Henry Rollin had before that time agreed with the plaintiff, or with some one else, or that he had a settled purpose in his own mind, to sow some particular piece of land, not exceeding seven acres, with wheat, how could it be ascertained in what manner the remaining sixty-three acres were to be located ? It is not said that the seven acre piece was part of a farm or lot of land, or that the plaintiff was to convey a farm or lot of land containing seventy acres. In Fish v. Hubbard, the defendant was to furnish water out of the mill-dam sufficient to carry the fulling-mill and carding-machine. When the water, the dam and the mills should • be found, there could be no difficulty in settling the proper mode of enjoyment. But here, should we find out where Henry Rollin intended to sow seven acres of wheat, we should still be utterly in the dark as to which way— whether north, south, east or west—the defendant was to go to get his remaining sixty-three acres. Although contracts ought, if possible, to be upheld, I think this is void for the want of certainty in describing the land. There are one or two other difficulties in the way of supporting this action, but they need not be considered.
Judgment for defendant.